**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Jose Rosas Hernandez

                Plaintiff,

v.

                Case No.: 1:25−cv−15013
                Honorable John Robert Blakey

Samuel Olson, et al.

                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 16, 2026:

      MINUTE entry before the Honorable John Robert Blakey: On 2/9/26, after Respondents complied with this Court's order, the Court closed this case, see [33]. Petitioner then moved for reconsideration [34], then moved to withdraw his motion for reconsideration [38], then moved to withdraw the motion to withdraw [39], effectively reviving the motion for reconsideration [34], which Respondents oppose, see [37]. The Court denies as moot Petitioner's motion to withdraw the motion for reconsideration [38], grants his motion to withdraw the motion to withdraw [39], and now denies his motion for reconsideration [34]. Petitioner argues that further court action is required because, despite this Court granting relief, he remains in custody, see [35] at 1. But this Court never ordered Petitioner released; rather, it ordered Respondents to conform their behavior to the laws of the United States, see [15], [31]. As this Court previously observed, Respondents have fully complied with this Court's orders and all matters in dispute have been resolved, see [33]. This Court lacks jurisdiction to consider the "underlying merits" of his immigration status or to second guess the BIA's decision on the discretionary stay of the Immigration Judge's release order. See, e.g., Neilova v. Noem, 812 F. Supp. 3d 836, 838 (N.D. Ill. 2025) (the jurisdiction−stripping provisions of § 1252 do not apply when a habeas petition "only challenges her allegedly unlawful detention without a bond hearing and no other immigration decisions") (citations omitted). This Court also lacks jurisdiction to revisit the claims already resolved in Petitioner's favor. E.g., Bailey v. Worthington Cylinder Corp. & Worthington Indus., Inc., 90 F.4th 1193, 119697 (7th Cir.), cert. denied sub nom. Bailey v. Worthington Cylinder Corp., 144 S. Ct. 2700 (2024) ("Article III of the United States Constitution limits the jurisdiction of federal courts to the resolution of 'Cases' and 'Controversies.' Jurisdiction requires an ongoing case or controversy throughout all stages of litigation...."). This case remains closed. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.